RYDER, Judge.
Johanna Argento filed a complaint seeking damages based on two promissory notes. The face value of each note is $15,-000.00.
Appellees Robert Reynolds and Betty Nicholas raised several affirmative defenses. They alleged that the consideration for each note was $10,000.00; repayment of each note in the amount of $15,000.00 was to be on or before 180 days from the date of execution of the notes; each note provid *136 ed for interest of $5,000.00 over a six-month period, thereby yielding interest of 100% per annum. The appellees further alleged that Argento willfully and knowingly charged or agreed to receive interest in excess of 45% per annum thereby rendering the alleged indebtedness unenforceable under the Criminal Usury Statute, section 687.071, Florida Statutes (1983).
Argento admitted that the interest rates implicit in the notes were in excess of the amounts permitted in section 687.071. She raised, however, several matters in avoidance of the affirmative defenses including estoppel, waiver and illegality. Argento also alleged that after discovering the infraction of section 687.071, she disavowed and repudiated any sums which would be attributable to a usurious interest rate, and sought payment of the principal amounts plus interest at the legal rate.
Argento testified at the nonjury trial. The trial court interrupted Argento during her explanation of the circumstances surrounding the transaction with the appel-lees. The court stated that the testimony established that the notes provided for an interest rate in excess of 45% in violation of section 687.071. No further testimony was permitted by the court. Argento’s complaint was dismissed; the trial court ruled that Argento could not recover any principal or interest under the notes. Following the denial of her motion for rehearing, Argento filed the present appeal.
Section 687.071(3), Florida Statutes (1983), provides:
Unless otherwise specifically allowed by law, any person making an extension of credit to any person, who shall willfully and knowingly charge, take or receive interest thereon at a rate exceeding 45 percent per annum or the equivalent rate for a longer or shorter period of time, whether directly or indirectly or conspire so to do, shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The trial court concluded, without regard to the circumstances surrounding the loan transaction and without regard to the intent of Argento to violate Florida usury laws, that there was a violation of section 687.071. Following the precedent of Dixon v. Sharp, 276 So.2d 817 (Fla.1973), we must reverse.
The trial court prevented the parties from fully presenting evidence relating to the circumstances of the loan transactions. No evidence was presented of “a corrupt intent to take more than the legal rate for the use of the money loaned” (emphasis in original). Dixon at 819. Appellees have not established, and have not had the opportunity to establish, the intent element of usury by “clear and satisfactory evidence.” Id. at 820. “For the defense of usury to be established, the circumstances surrounding the entire agreement must be proved, and they must be carefully scrutinized by the court.” Id. at 821.
As the trial court did not allow the parties to present evidence as to the relevant circumstances involved in the transactions, which evidence would reflect on Argento’s intent, we reverse the decision below. We remand this case for further proceedings consistent with the principles of Dixon and the holding herein.
REVERSED and REMANDED.
OTT, C.J., and GRIMES, J., concur.